UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| ROY CAMPANELLA MOSLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| VS. | ) | No. 2:17-cv-02168-JDT-cgc |
| MYRON L. BATTS, ET AL., | ) | |
| Defendants. | ) | |

ORDER DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On March 10, 2017, Plaintiff Roy Campanella Mosley, who is incarcerated at FCI Yazoo City-Low in Yazoo City, Missouri, filed a *pro se* complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The complaint concerns Mosley's previous incarceration at FCI Memphis in Memphis, Tennessee. (ECF No. 1 at PageID 2.) The Court issued an order on March 10, 2017, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Myron L. Batts, Warden of FCI Memphis; First Name Unknown (FNU) Parker, Acting Captain; and FNU SIA Roberts.[1]

Mosley's entire allegations are as follows:

> The Petitioner asserts that (SIA) Roberts ,with the consent of Warden,[] Batts[,] Treated (Mosley) differently than he treated others that was charged or

---

[1] Mosley also seeks to sue Unknown Segregation Review Officials (SRO's) in his complaint. Service of process cannot be made on unnamed or fictitious parties. The filing of a complaint does not toll the running of the statute of limitation against those parties.

> (referred) for prosecution for the same,[] not similar incident report[. ] That many of others before and after Mosley's incident occured [sic] that was not referred for prosecution. Mosley also asserts that he has not had a review by the (SRO's) in the 12, months that he has been in Administrative Detention. All in violation of the 5th & 14th amendment.

(ECF No. 1 at PageID 4.) Mosley requests that the incident report against him be expunged. (*Id.* at PageID 7.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>       (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>       (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Mosley filed his complaint using a form for asserting claims of discrimination in employment but does not designate under which federal statute he seeks to bring his claim. (ECF No. 1 at PageID 1.) He asserts a claim of discrimination against the Warden and other employees of FCI Memphis, a federal prison, in violation of the Fifth and Fourteenth Amendments. Despite the form used, this claim appears to fall under the purview of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* provides a right of action against federal employees who violate an individual's rights under the United States Constitution. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

Mosley makes no allegations against Defendant Parker. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Mosley alleges Defendants Roberts and Batts treated Mosley differently than they treated others in the handling of an incident, in violation of the Equal Protection Clause. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. Of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

In his complaint, Mosley does not describe the basis for the discrimination. Where the form he filed directs the complainant to note the basis for the discrimination, Mosley wrote "N/A unknown" beside each option. (ECF No. 1 at PageID 3-4.) Mosley also fails to describe the incident that led to the report he alleges was filed against him but not against others who also were involved. Mosley utterly fails to flesh out his claim of discrimination and therefore fails to state an equal protection claim under *Bivens*.

The law is unclear in the Sixth Circuit whether the proper avenue for a prisoner seeking to expunge a prison incident report is a writ of habeas corpus or a civil rights action under *Bivens*. *See Rosado-Sierra v. Bureau of Prisons*, No. 4:06CV2925, 2007 WL 949649, at *3 (N.D. Ohio Mar. 29, 2007) (collecting cases and discussing). Whatever the correct conclusion, Mosley also has a pending petition under 28 U.S.C. § 2241 in this district in case number 2:17-cv-2209-TLP-tmp (filed March 22, 2017) regarding the same incident alleged in this complaint and in which he also seeks expungement of the incident report. The United States has filed a response to that petition. Therefore, the Court finds the issue should be determined in that proceeding.

Mosley's allegation that he did not have a review by the unidentified SROs during the twelve months he was in administrative segregation appears to be an attempt to raise a claim that his right to procedural due process was violated. Such a claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the government has interfered. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir. 1993).

A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). An increased security classification does not constitute an atypical and significant hardship. *See Workman v. Wilkinson*, 23 F. App'x 439, 440 (6th Cir. 2001) (citing *Sandin*, 515 U.S. at 484). Confinement to punitive segregation, the loss of package privileges, fines, and restitution also do not constitute atypical and significant hardships in the context of prison life. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). While Mosley does allege that he was in segregation for at least twelve months without a review, courts have held that placement in segregation for significantly longer periods does not constitute "an atypical and significant hardship." *See, e.g., Dunbar v. Barone*, 487 F. App'x 721, 724-25 (3d Cir. 2012) (eighteen months); *Bradley v. Evans*, 229 F.3d 1150, 2000 WL 1277229, at *5-7 (6th Cir. Aug. 23, 2000) (fourteen months). Therefore, Mosley did not have a protected liberty interest that required further due process protections.

For the reasons discussed above, the complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th

5

Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES Mosley's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.[2]

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Mosley in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

---

[2] To the extent Mosley requested appointment counsel in this matter, (ECF No. 1-1 at PageID 8), the request is DENIED as moot.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Mosley would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Mosley nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Mosley, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE